[Docket No. 1]

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

MARIO MACELLARI,

                Plaintiff,

    v.

JORGE F. COOMBS,

                Defendant.

Civil No. 25-6780

**MEMORANDUM ORDER**

**RENÉE MARIE BUMB, Chief United States District Judge**

*Pro se* Plaintiff Mario Macellari asks this Court to allow him to proceed *in forma pauperis* (IFP) so he can sue Defendant Jorge F. Coombs, a sitting Atlantic County Superior Court Judge who apparently remanded Macellari to pretrial detention. 28 U.S.C. § 1915 allows federal courts to waive the prepayment of court fees if the litigant "is unable to pay such fees." 28 U.S.C. § 1915(a). Once a court grants an IFP application, § 1915 requires the Court to screen the litigant's complaint to ensure, among other things, it states a claim and that the lawsuit is not frivolous or malicious. *Id.* § 1915(e)(2)(B).

Third Circuit courts only grant leave to proceed IFP "based on a showing of indigence." *Douris v. Newtown Borough, Inc.*, 207 F. App'x 242, 243 (3d Cir. 2006). While IFP status is not reserved solely for the "absolutely destitute[,]" the litigant "must establish that he is unable to pay the costs of his suit." *Hurst v. Shalk*, 659 F.

App'x 133, 134 (3d Cir. 2016) (quoting *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989)). The litigant seeking IFP status shoulders the burden "to provide the [Court] with the financial information it need[s] to make a determination as to whether he qualifie[s] for [IFP] status." *Freeman v. Edens*, 2007 WL 2406789, at *1 (D.N.J. Aug. 17, 2007) (first, second, and third alterations in original) (citation and internal quotation marks omitted).

Here, after considering Macellari's Affidavit of Poverty and Account Certification, and the accompanying Offender Management System account record, the Court finds that he cannot pay the court fees. [Docket No. 1-1.] Thus, the Court grants his IFP application.

Still, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii), the Court screens Macellari's Complaint to ensure he states a claim for relief and that his lawsuit is not "frivolous or malicious." Macellari's *pro se* status does not relieve him of his obligation to allege enough facts in the Complaint to support these claims. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

In his Complaint, Macellari appears to raise claims against Judge Coombs stemming from his alleged conduct while presiding over his pending state criminal matter. [Compl. at 6.] He claims that Judge Coombs violated his Due Process rights by remanding him into custody without "fair bail" of the "presumption of innocen[ce]." [*Id.*]

Under the doctrine of judicial immunity, "a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity" or "for

actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Kirkland v. Dileo*, 581 F. App'x 111, 115 (3d Cir. 2014) (quoting *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (superseded on other grounds)).

After liberally reading Macellari's Complaint, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court is unable to glean any allegations against Judge Coombs that do not stem from his official duties or indicate he acted beyond the scope of his jurisdiction. Moreover, Macellari has failed to provide any factual support for his Due Process claim beyond his conclusory statement. [Compl. at 6.] Accordingly, this Court dismisses Macellari's Complaint without prejudice for failing to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B).

For the above reasons, and for other good cause shown,

**IT IS** on this **11th day of February 2026**, hereby:

**ORDERED** that the Court **GRANTS** Plaintiff's IFP application; and it is further

**ORDERED** that Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** [Docket No. 1]; and it is further

**ORDERED** that Plaintiff may have the above-entitled case reopened, if, within thirty days of the date of the entry of this Memorandum Order, Plaintiff files an amended Complaint; and it is further

**ORDERED** that Defendant shall not be served before the Court's *sua sponte* screen of an amended Complaint; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum Order on Plaintiff to his address of record by regular U.S. mail; and it is finally

**ORDERED** that the Clerk of the Court shall **CLOSE** this matter.


s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**Chief United States District Judge**